By the Court.
So far as we are able to gather from the petition, the chief complaint of the plaintiff is that this company was being organized and doing *602 business in contravention of law. If it were illegally organized or misusing its franchises the proper action to be taken would be one in quo warranto.
Section 676, General Code, requires the inspector of building and loan associations to see that the laws relating thereto are duly executed and enforced; while Section 686, General Code, requires such inspector, if he finds that the associations, are continuing their illegal practices and noncompliance with law, to “communicate the facts to the attorney general, who shall cause proceedings to be instituted in the proper court to revoke the charter of such association.”
If it be conceded that this, company was unlawfully paying commissions out of its capital for the sale of stock, clearly an action could be maintained only on behalf of all the company’s stockholders, and in such event the demand should have been made upon the officers of the corporation to prosecute such an action. No such demand was made in this case. The only demand made by the plaintiff was that the corporation be organized in accordance with the laws of Ohio.
The lower courts did not err in sustaining the demurrer to plaintiff’s petition, and the judgment of the court of appeals is affirmed.

Judgment affirmed.

Marshall, C. J., Johnson, Hough, Wanamaker, Eobinson, Jones and Matthias, JJ., concur.